KEHOE, Judge.
Appellant, defendant and counter-plaintiff below, brings this appeal from an adverse final judgment following a non-jury trial in two consolidated cases to determine the entitlement to the proceeds of certain fire insurance policies. We affirm.
Appellant The Barsue Corporation (formerly known as Kabar, Inc.), as lessor, entered into a lease agreement with appellee Charwend, Inc., as lessee, for the lease of *1064 certain commercial property. The particular provision of the lease in question provided, in pertinent part, as follows:

“IX. INSURANCE

“The Lessee covenants and agrees to keep, at his own expense, throughout the term of this lease, all personal property, including boilers and hot water heaters, or whatsoever character shown on the attached inventory or contained or used in connection with the demised premises, insured in the name and for the benefit of, and in case of loss payable to the Lessor against loss or damage by windstorm, fire, explosion, war damage or other casualty, in a minimum amount equal to the highest insurable value of the property so insured, in such insurance company or companies, and in such form or forms as shall be satisfactory to and approved by the Lessor, from time to time to deliver to the Lessor the original new insurance policies, at least twenty (20) days prior to the expiration of any of then existing policy or policies of such insurance, and to promptly pay the premiums for all such insurance as well as renewals thereof at the time said policies are issued. The parties mutually agree that the highest insurable value of said personal property of the Lessor to be insured by the Lessee under the terms hereof shall be, and it is hereby determined to be, a sum not less than Fifty Thousand Dollars ($50,000.00).
“It is covenanted and agreed that the Lessee may provide for similar insurance coverage for such personal property as it may have or bring on the premises, providing such coverage shall in no way diminish'the insurance coverage of Lessor’s property from its highest insurable value. The Lessee hereby covenants and agrees to store and insure, at its own expense, whatever equipment belonging to the Lessor it does not use. Said equipment shall be then under the exclusive control of the Lessor. The Lessor shall be required to carry fire, windstorm and extended coverage upon the premises located upon the aforedescribed property in an amount sufficient to represent the highest insurable value, and copies of said policies of insurance and extensions thereof during the term of this lease, shall be delivered to the Lessee within fifteen (15) days from the date of the execution hereof. Failure of the Lessor to pay such premiums for the policy or policies of insurance as above set forth shall constitute a breach of the lease on the part of the Lessor, and at the option of the Lessee, Lessee may pay such policy or policies of insurance and deduct from the next ensuing rental payment the cost of said premiums.”
After entering into this agreement, appel-lee Charwend, Inc., purchased certain insurance policies to cover the leased premises and its contents. Thereafter, on March 2, 1974, within the lease period, a fire destroyed all of the property insured by the policies. The insurance companies conceded that the full amount of each insurance policy was due and payable, but a dispute arose as to the proper payee of the insurance proceeds. The insurance companies then remitted the entire amount of the proceeds into the registry of the trial court. Subsequently, two actions both arising from the same facts were consolidated for a non-jury trial. These actions sought, basically, to determine the rights of appellant and appel-lee Charwend, Inc., (including its assignees), to the proceeds. At the conclusion of trial, the trial court entered a final judgment which provided in pertinent part, as follows:
“The Court finds and determines that the Plaintiff, CHARWEND, INC., had an insurable interest in all the personal property existing on the premises of 211 22nd Street, Miami Beach, Florida, at the time of the fire on March 2, 1974, and that the Defendant, KABAR, INC., had no insurable interest any of the contents therein. The Court further finds that the Defendant, KABAR, INC., failed to return to the Plaintiff, CHARWEND, INC., the security deposit previously paid in by the said Plaintiff, in the sum of $7,500.00. In addition thereto, the Court finds that each of the assignees of the said Plaintiff *1065 are entitled to recover, out of the proceeds of the three (3) fire insurance policies covering the contents of the above described premises, the sums introduced into evidence or which were stipulated to by the parties during the course of trial.
“Therefore, upon the evidence, it is, thereupon,
ORDERED, ADJUDGED, DECLARED and DECREED, as follows:
“1. That the Plaintiff, CHARWEND, INC., be and is declared entitled to recover the total amount of the proceeds of the three (3) insurance policies, in the aggregate sum of $55,000.00, subject to its indebtedness to each of the parties as assignees thereunder, as further set forth hereinbelow.
“2. That the Plaintiff, CHARWEND, INC., be and is hereby awarded judgment against the Defendant, KABAR, INC., in the sum of $7,500.00, and for which said sum let execution issue in accordance with the applicable rules of procedure.
“3. That the Counter-Claim filed on behalf of the Defendant KABAR, INC., and the claim of BARSUE CORPORATION, hereinbefore consolidated with the prior-filed complaint of CHARWEND, INC., be and the same are hereby dismissed, with prejudice.”
From this final judgment appellant brings the instant appeal. Appellant’s three points on appeal may be summarized as follows: (1) appellant should have been awarded the entire amount of the insurance proceeds in accordance with the terms of the lease; (2) the trial court erred in finding appellant liable for its failure to return the lease security deposit to appellee Charwend, Inc.,; and (3) the trial court erred in directing the payment of any of the insurance proceeds to appellee Charwend’s, Inc., creditors.
The basic consideration underlying the resolution of these contentions pertain to the application of Section 9 of the lease agreement, set forth above, to the facts of this case. One of the basic obligations of the lessee, pursuant to Section 9, was to insure the personal property of the lessor on the leased premises. This provision is clear. Likewise, the trial court’s finding in its final judgment is also clear that appellant had no insurable interest in any of the contents, i. e., personal property, on the leased premises which were destroyed by fire. Our review of the final judgment in conjunction with the facts in this case, as reflected by the record, show that tacit within the trial court’s determination appellant had no insurable interest in any of the contents was the fact that appellant had no personalty on the premises for which appel-lee Charwend, Inc., was responsible for insuring. Accordingly, contrary to appellant’s contentions numbers (1) and (3), the trial court properly entered final judgment in favor of appellee Charwend, Inc., and directing payment of part of the insurance proceeds to Charwend’s creditors.
In its second point on appeal, appellant contends that the trial court erred in finding it liable to appellee Charwend, Inc., for the amount of its security deposit, $7500, made pursuant to the lease agreement. Because of our determination of appellant’s contentions numbers (1) and (3), it follows that the trial court acted properly in awarding appellee Charwend, Inc., the amount of its security deposit, because it did not breach the lease agreement.
Affirmed.